## NORTHWESTERN MUTUAL HAIL INSURANCE COMPANY OF ELKTON v. FLEMING.

1. Under Comp. Laws, §§ 3589-3591, which permit a party to rescind a contract for fraud, but require him to act promptly on discovering the facts, and to restore the consideration received, one who takes a policy of hail insurance, and retains the same, and receives the protection afforded thereby during the full season covered by its terms, cannot thereafter rescind the contract on the ground that he was induced to enter into it by fraud; his remedy being by an action for the deceit, or a counterclaim for damages sustained, in case an action is brought against him on the contract.

2. In an action on a note given for membership in a mutual hail insurance company, to recover assessments made thereon, an allegation in the answer that defendant was induced to enter into the contract by misrepresentations made by plaintiff as to the number of members and the amount of insurance it then had, and that, if such representations had been true, the amount of defendant's assessment would have been materially less, is insufficient and too vague and indefinite to constitute a counterclaim for damages.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action by the Northwestern Mutual Hail Insuarnce Company of Elkton, S. D., against John Fleming. Judgment for defendant, and plaintiff appeals. Reversed.

*Ira O. Curtiss, John H. Perry*, and *Cheever & Hall*, for appellant.

*F. E. Campbell* and *H. H. Potter*, for respondent.

CORSON, P. J. This was an action on the part of the plaintiff to recover of the defendant the amount of a premium note executed by said defendant for the sum of $53. The complaint was in the usual form, alleging that the plaintiff was duly organized created and existed under and by virtue of the laws of this state; that the said defendant made, executed and delivered to the plaintiff his certain promissory note, by which he promised to pay to the plaintiff the sum of $53, or such portion thereof as might be assessed by the officers of said company for the payment of losses by hail according to the rules and regulations of said corporation; that at an annual meeting of directors of said plaintiff, held at its office, at Elkton, on the 26th day of August 1895, an assessment was duly made on the notes taken by the plaintiff during the year 1895, to the full amount of said notes. And plaintiff demanded judgment therefor. To this complaint defendant answered, denying certain allegations of the complaint and alleged, as a fifth defense, that said note was made, executed, and delivered because he relied upon certain false and fraudulent representations made by said plaintiff and by its general officers at the time of the execution and delivery of said note; that it was represented to the defendant at the time of the execution and delivery of the said note that the plaintiff herein had at that time about 70,000

acres insured in said company, and 1,000 members, whereas, in truth and in fact, they had less than 200 members, and less than 20,000 acres insured, and that the defendant relied upon that statement, and made, executed, and delivered said note because he relied upon the same; that had there been the number of members claimed by said company, and the number of acres represented by them insured, his assessment would have been much less than the full assessment; that the general officers of said company knew that these statements were being made for the purpose of inducing this defendant to insure in said company." At the close of all the evidence both plaintiff and defendant moved the court for the direction of a verdict. The motion of the plaintiff was denied, and the motion of the defendant granted, and from the judgment entered in favor of the defendant the plaintiff appeals to this court.

The motion to direct the verdict on the part of the plaintiff was made on the ground that the defendant had failed to establish any defense to the action. The motion to direct the verdict on the part of the defendant was made on the following grounds: (1) Because the alleged assessment is so obscure and indefinite as to be void; (2) because the alleged assessment included and composed, not only the losses and expenses incurred, but also conjectural expenses to be incurred, and also losses for uncollected notes; (3) because the alleged assessment was not made at the time authorized by the by-laws, nor at any regular or special meeting of the board of directors properly called; (4) "because it appears from the uncontradicted evidence that the defendant was induced to enter into the contract by the false representations made by the plaintiff, material to the contract, upon which the defendant relied."

It is contended on the part of the appellant that the fifth paragraph of the answer fails to state any defense, in that it does not allege a recission or attempted recission of the contract, and does not deny the receipt by the defendant of the consideration, to wit, his protection against loss by hail, nor does it offer to restore or pay for the same, and in that it does not plead or attempt to plead a counterclaim for any damages sustained. Section 3589, Comp. Laws, provides as follows: "A party to a contract may rescind the same in the following cases only: (1) If the consent of the party rescniding or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party. * * *" And Section 3591 provides as follows: "Rescission, when not effected by consent, can only be accomplished by the use, on the part of the party rescinding, of reasonable dilligence to comply with the following rules: (1) He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and (2) he must restore to the other party everything of value that he has received from him under the contract, or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so." It will be noticed that by Section 3589 a contract may be rescinded for fraud, and that by Section 3591 the party seeking to rescind must rescind promptly upon discovery of the facts which entitle him to rescind, and he must restore everything of value which he has received

from him under the contract.    In the case at bar the defendant
has failed to bring himself, by his pleading or proof, within
the provisions of this latter section.    He does not allege or
claim that he has rescinded the contract, or that he has re-
stored or offered to restore to the plaintiff everything of value
which he has received from him under the contract.    "The
party who would disaffirm a fraudulent contract must return
whatever he has received upon it.    This is a plain and just
principle.    He cannot hold on to such parts of the contract as
may be desirable on his part, and avoid the residue, but rescind
in toto, if at all."    Mason v. Bovet; 1 Denio, 69.    In the case at
bar the defendant had received the consideration stipulated,
namely, his protection from loss by hail during the season of
1895.    It would be manifestly unjust, therefore, to allow him
to retain the full benefit of this protection, and, after the sea-
son for loss had expired, to rescind his contract on the ground
of fraud, without making any remuneration to the plaintiff for
such protection or insurance during the season.    Respondent
asserts that he did tender back the policy of insurance. or offer
to return it, on trial; but he made no such tender or offer in his
pleading, and this tender or offer was of a worthless paper,
made after the season in which he could be damaged by hail.
The answer, therefore, as an attempt to plead a recission of
the contract, is clearly insufficient.

The appellant contends that the answer is insufficient as a
counterclaim for damages sustained by the defendant by reason
of the alleged fraudulent representations on the part of the
plaintiff by which he was induced to enter into the contract.
It will be noticed in the answer that the only statement of dam-
ages sustained by the defendant is that had there been the

number of members claimed by the said company, and the number of acres represented by them insured, his assessment would have been much less than the full assessment. This is too vague and indefinite a statement upon which to base a claim to recover damages by reason of the fraudulent acts of the plaintiff, even if the pleading was sufficient in other respects. It does not purport to be a counterclaim, and the facts stated are not sufficient to constitute a counterclaim. In a case like the one at bar, where it is alleged that fraud has been practiced upon the defendant, two courses are open to him: (1) He may rescind the contract in the manner provided in the statute; or (2) he may, upon discovering the fraud, bring an action for the deceit, or counterclaim for the damages sustained by him, in case an action is brought against him on the contract. 8 Enc. Pl. & Prac. pp. 584, 585. Assuming therefore, that there was sufficient evidence that the defendant was induced to become a member of the company, and executed the promissory note sued on, by reason of the fraudulent representations of the company, still he has not, by his pleadings or proof, shown any defense to this action. It affirmatively appears from the record that all the losses of the company from hail during the year 1895 were paid in full, and presumptively, therefore, if the defendant had sustained any loss, he, too, would have been paid in full. By the terms of the policy it appears that the insurance or protection from loss extended from the 13th day of June, 1895, to the 15th day of September, 1895. This action was commenced on the 22d day of November, 1895. It will thus be seen that the defendant had the full benefit of the insurance during the term stipulated, and, though he knew of the actual condition of the plaintiff as early as September, prior to the

commencement of this action, he did not take any proper steps to rescind the contract. The court, in directing a verdict for the defendant, must have proceeded upon the theory that the defendant had rescinded the contract in the manner provided in the statute, or that he had sustained damages by reason of the fraudulent representations of the plaintiff equal in amount to the sum due upon his promissory note. If the court proceeded upon the first theory, that the contract had been rescinded by the defendent, it was clearly in error, as there was neither any pleading showing that the contract was rescinded, nor any evidence that the same had been rescinded. It may be, as contended by respondent, that the defendant could not have restored the consideration for which his note was executed to the plaintiff: but, if such is the fact, the defendant could not avail himself of the provisions of the statute relating to the rescission of contracts, and his only remedy, if any, would be to plead a counterclaim, and recover the damages sustained by him by reason of the fraudulent representations made to him by the plaintiff. In any event it is clear that there was no rescission of the contract on the part of the defendant. If the court proceeded upon the theory that under the answer the defendant had alleged sufficient facts to entitle him to recover for damages he had sustained, and that there was evidence to sustain the allegations of the answer, the learned court was also in error The facts stated in the answer are clearly insufficient to constitute a counterclaim, and the evidence admitted thereunder tending to prove the damages sustained by the defendant should have been excluded. But assuming that the facts pleaded did constitute a counterclaim, and that the evidence sustained the pleading, there was not sufficient evidence,

undisputed or otherwise, to warrant the court in saying, as a matter of law, that the damages sustained by the defendant by reason of the fraudulent representations of the plaintiff were equal in amount to, or more than the defendant's note. Hence the direction of the verdict by the court, if made upon either theory, cannot be sustained. It seems to be conceded in the briefs of counsel for both plaintiff and defendant that the court, in the direction of its verdict, based its ruling upon the fourth or last ground, or more properly upon one of the theories herein suggested.

We have not overlooked the other grounds stated in the motion, but, as there is clearly no merit in either of these grounds, we do not deem it necessary to discuss them in this opinion. The judgment of the court below is reversed.